PER CURIAM:
Claimants brought this action for vehicle damage which occurred when their 2000 Ford Taurus struck a hole on the berm as Ronald Waugaman was driving on State Route 7 in Masontown, Preston County. State Route 7 is a public road maintained by respondent. The Court is of the opinion to deny this claim for the reasons more fully stated below.
The incident giving rise to this claim occurred on March 5, 2008. Mr. Waugaman testified that he was driving towards Masontown, near the Valley District Volunteer Fire Department, when their vehicle struck a hole in the road that was approximately six inches deep. Mr. Waugaman stated that he does not travel this road frequently and did not notice the hole prior to this incident. Cheryl Waugaman testified that she was in the vehicle at the time of the incident and the hole was located on the road’s white edge line. As a result, claimants’ vehicle sustained damage to its wheel and required a re-alignment at a total cost of $378.90.
The position of the respondent is that it did not have actual or constructive notice of the particular condition on State Route 7 at the site of claimants’ accident on the date in question. Larry Weaver, Highway Administrator for respondent in Preston County, testified that State Route 7 is a first priority road in terms of its maintenance. He stated that hole was located outside of the road’s white edge line. Mr. Weaver testified that respondent’s main priority during this time of year was snow removal and ice control. TheDOFI 12, a record of respondent’s daily activities, indicates that the hole was patched on March 5, 2008.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins v. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, a claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman v. Dep‘t of Highways, 16 Ct. Cl. 103 (1986).
In the instant case, the Court is of the opinion that respondent did not have actual or constructive notice of the condition of the berm at this location. The Court finds that Mr. Waugaman was at least fifty percent negligent, and his negligence is a complete bar to the claimants’ recovery in this claim.
In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.